IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kendra J. Souder,                                            Case No. 3:08CV1386

      Plaintiff,

v.                                                           ORDER

Odyssey Healthcare GP, LLC,

      Defendant.

This is a case in which plaintiff claims to have been discharged in violation of public policy and Ohio's Whistleblower statute, O.R.C. § 4113.52. The matter before the court is plaintiff's objection to removal from state court. [Doc. 4]. Defendant maintains this court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff moves to remand the case asserting the amount in controversy does not meet the jurisdictional threshold.

Plaintiff's objection to removal shall be deemed to be a motion for remand to state court. For the reasons that follow, the motion to remand shall be overruled.

## Background

Odyssey Healthcare GP, LLC (Odyssey) is a Delaware corporation, with its principal place of business in Dallas, Texas, licensed to conduct business in Ohio. Plaintiff Kendra Souder is a resident of Ohio and was an at-will employee at Odyssey prior to November 8, 2007.

On May 5, 2008, Souder filed a complaint against Odyssey in the Seneca County, Ohio, Court of Common Pleas. Souder's two-count complaint alleges 1) wrongful employment discharge and 2) promissory estoppel. Souder claims lost wages of slightly less than $25,000 and seeks, *inter alia*, future wages and benefits, compensatory damages and punitive damages.

Odyssey removed the case under 28 U.S.C. § 1446 to this court. It asserted federal subject matter jurisdiction on the basis of 28 U.S.C. § 1332(a)(1) in that defendant's citizenship is diverse to that of the plaintiff and the amount in controversy exceeds $75,000.

Plaintiff seeks remand, contending the amount in controversy does not exceed $75,000, exclusive of interest and costs, and hence, there is no federal subject matter jurisdiction.

**Standard for Removal**

A civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). The burden of establishing diversity jurisdiction rests with the defendant. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

The Sixth Circuit has adopted a preponderance of the evidence test with regard to jurisdictional challenges in removal actions. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Thus, where a plaintiff specifically claims damages less than the amount in controversy threshold, but the relevant state court judgment rules allows the plaintiff to seek and recover damages exceeding the amount requested in the complaint, "the removing defendant must show that it is 'more likely than not'" that the actual amount in controversy satisfies the jurisdictional requirement. *Rogers*, *supra*, 230 F.3d at 871 (citing *Gafford*, *supra*, 997 F.2d at 158). *See also Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572-573 (6th Cir. 2001). The defendant

can demonstrate, through a fair reading of the plaintiff's complaint and the relief sought, that the unspecified damages, if proved, sought will exceed $75,000. *See Hayes*, *supra*, 266 F.3d at 573.

For the reasons set forth below, a fair reading of the complaint indicates that more than $75,000 is in controversy. This is so because plaintiff is seeking front pay (which can be an award for an indefinite period) and punitive damages.

## Discussion

Souder seeks back pay, seniority and benefits; future wages and benefits; and compensatory and punitive damages. Back pay is the amount plaintiff would have received if she remained in her position at Odyssey. Plaintiff's complaint seeks unmitigated back pay of $826.80 per week ($42,993.60 a year).[1]

Souder seeks front pay, an "affirmative order designed to compensate the plaintiff for economic losses that have not occurred as of the date of the court decree, but that may occur as the plaintiff works toward his or her rightful place." *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1158 (6th Cir. 1985) (citation omitted). Souder's estimated future potential loss is $406.80 per week ($21,153.60 a year).

Plaintiff's complaint demands compensatory damages "in excess of $25,000 to be determined at trial."[2]

---

[1] In her objection to removal, plaintiff requests mitigated back pay projected through December 31, 2008 –- an optimistic estimate of when this case would ultimately be tried –- of $24,920.40 for 60.5 weeks. A fair reading of the complaint will not include mitigation of damage. *See Hayes*, *supra*, 266 F.3d at 573. Moreover, the amount of back pay, however computed, does not ultimately work in plaintiff's favor to establish insufficient amount in controversy.

[2] I take judicial notice that this is a conventional formulation in civil complaints in actions filed in Ohio's Courts of Common Pleas within, at least, this Division of the Northern District of Ohio.

Plaintiff also seeks punitive damages. In determining whether the amount in controversy exceeds $75,000, a federal court considers potential punitive damages unless it is apparent that such damages cannot be recovered. *Hayes*, *supra*, 266 F.3d at 572.

Compensatory damages are the yardstick against which a court measures a possible punitive damage award. *Blust v. Lamar Advertising Co*., 157 Ohio App. 3d 787, 795 (2004). Ohio courts routinely allow punitive damage awards at ratios of three-to-one and rarely overturn a punitive award "unless it bears no rational relationship or is grossly disproportionate to the award of compensatory damages." *Gollihue v. Consol. Rail Corp.*, 120 Ohio App. 3d 378, 402 (1997).

Applying a ratio of three-to-one to Souder's compensatory request results in prospective punitive damages of over $75,000. *See, e.g.*, *id.* at 407 (upholding punitive damages award of three times compensatory damages); *Dardinger v. Anthem Blue Cross & Shield*, 98 Ohio St. 3d 77, 105 (2002) (reducing an award of nearly twenty times compensatory damages to twelve times compensatory damages). Moreover, when considering plaintiff's request for back pay (at least $24,920.40 – conceivably $50,021.40 – through December 31, 3008) and front pay (at $406.80 per week), even a minor award of punitive damages would result in a judgment in excess of $75,000.

A defendant is not required to prove that a plaintiff is entitled to punitive damages to meet the more likely than not standard. *Hayes*, *supra*, 266 F.3d at 572. As long as "state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005). The Ohio Revised Code provides for punitive damages for torts such as plaintiff's claims for wrongful discharge in violation of public policy and promissory estoppel. O.R.C. § 2315.21; *see e.g., Perez v. Falls Financial, Inc*.,

87 Ohio St. 3d 371, 377 (2000) (affirming punitive damage award in a wrongful termination and promissory estoppel case). Punitive damages are arguably recoverable under the circumstances of this case.

Accordingly, I find that defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. Odyssey properly removed the case for purposes of diversity jurisdiction. Remand is not warranted.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT plaintiff's motion for remand [Doc. 4] be, and the same is hereby denied. A case management conference is scheduled for August 26, 2008 at 4:00 p.m. Out of town counsel may participate by phone.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge